UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ZIAD ISMAIL, on behalf of himself,
individually, and on behalf of all others
similarly situated,                                                    **ORDER**

                 Plaintiffs,

  -against-                                                          18-CV-517 (ILG) (RML)

BAKE RIDGE BAGELS, INC., and MARIO
TERRANOVA, individually,

                 Defendants.
----------------------------------------------------------x

GLASSER, Senior United States District Judge:

The action having been commenced by the filing of a Complaint on January 25, 2018, and true copies of the Summons and Complaint having been served upon the Defendants Bake Ridge Bagels Inc. and Mario Terranova, individually, (collectively as "Defendants") on February 2, 2018, and both respective proofs of service having been filed with the Court on February 13, 2018, and Defendants having failed to plead or otherwise defend in this action, and said default having been duly noted;

NOW, on motion of Plaintiff, Ziad Ismail, by and through his attorneys, Borrelli & Associates, P.L.L.C., it is hereby ordered that a Default Judgment be entered against Defendants jointly and severally, and that the following be awarded to Plaintiff:

    (1)    Overtime damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the amount of **$30,047.14**;

    (2)    Spread-of-hours damages under the NYLL in the amount of **$3,665.07**;

    (3)    Untimely wage damages under the NYLL in the amount of **$2,281.07**;

    (4)    Statutory penalties under the NYLL's Wage Theft Prevention Act in the amount of **$10,000.00**;

1

(5) Liquidated damages under the NYLL in the amount of **$35,993.28**, corresponding to $30,047.14 for overtime damages, $3,665.07 for spread-of-hours damages and $2,281.07 for untimely wage damages;

(6) Pre-judgment interest under the NYLL for Plaintiff's overtime, unpaid wages and spread-of-hours damages of **$7,037.92**, plus **$8.88** per day for the continued accrual of interest from December 1, 2018 through the date of entry of the instant judgment;

(7) Post-judgment interest on all monies due at a daily rate to be determined by the Clerk of the Court until the Defendants comply with the judgment;

(8) Interest on all monies not paid within ninety days of this judgment at the rate of 15% of NYLL damages, pursuant to NYLL § 198(4);

(9) Attorneys' fees under the FLSA and NYLL in the amount of **$14,492.50**; and

(10) Costs under the FLSA and NYLL in the amount of **$515.76**.

Plaintiff has provided substantial documentary evidence and legal authority in calculating these amounts, rendering a separate inquest unnecessary. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015).

Plaintiff's filings do not provide satisfactory calculations of any other amounts sought. Accordingly, damages are not awarded as to such amounts, including corresponding liquidated damages where applicable. In particular, Plaintiff has not offered the requisite testimony required to prove "garden-variety" emotional distress damages. *See Khan v. Hip Centralized Lab. Servs., Inc.*, No. 03-CV-2411 (DGT), 2008 WL 4283348, at *11 (E.D.N.Y. Sept. 17, 2008) (noting that "for garden variety emotional distress claims," the Court must at a bare minimum must consider "the testimony of the plaintiff, who [may] describe[] his or her injury in vague of conclusory terms,

without relating either the severity of consequences of the injury."). Plaintiff also does not explain how he came to calculate a weekly front pay and back pay rate of $984.00, which differs significantly from the weekly pay figure used to calculate his overtime and spread-of-hours damages. (*See* ECF No. 30 at 17-18; ECF No. 30-11). Nor does Plaintiff explain how he came to calculate moving expenses and mileage. (*See* ECF No. 30 at 17–18; ECF No. 31).

Judgment is not entered in favor of any party other than the named Plaintiff.[1] "[O]pt-in plaintiffs are not entitled to default judgment based on a complaint in which they are not named." *Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-05637 CBA RER, 2013 WL 6711485, at *1 (E.D.N.Y. Dec. 18, 2013); *Tejada v. La Selecta Bakery, Inc.*, No. 17CV5882CBARER, 2019 WL 2341680, at *1 (E.D.N.Y. June 3, 2019).

SO ORDERED.

Dated: Brooklyn, New York
May 26, 2020

/s/
I. Leo Glasser            U.S.D.J.

---

[1] The named Plaintiff brought this case on behalf of himself and others similarly situated. (*See* ECF No. 1).

3